# Edgewood Borough, Appellant, *v.* Public Service Commission.

*Street railway—Rates—Change of rates—Contract with munici-pality.*

The Public Service Commission may authorize a street railway company to increase its rates of fare, although a city ordinance granting to the company the use of streets provided that a rate therein specified should not be increased.

City of Scranton v. Public Service Commission, 268 Pa. 192, followed.

Argued January 14, 1921. Appeal, No. 38, Oct. T., 1921, by plaintiff, from judgment of Superior Court, April T., 1921, No. 9, affirming order of Public Service Commission, Complaint Docket No. 1888, in case of Borough of Edgewood v. Public Service Commission and Pittsburgh Railways Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court.

The Superior Court affirmed the decision of the Public Service Commission authorizing the Pittsburgh Railways Co. to increase its rates of fare, notwithstanding that a borough ordinance, granting the use of streets, provided that a rate therein specified should not be increased. The Borough of Edgewood appealed.

*Error assigned* was the judgment of the Superior Court, quoting it.

*M. W. Acheson*, of *Sterrett & Acheson*, with him *John D. Meyer* and *Brown, Stewart & Bostwick*, for appellant.

*George C. Bradshaw*, for appellee.

PER CURIAM, February 14, 1921:

The contentions here made are similar to those raised by other litigants, which were decided by this court, adversely to the position of the present appellant, in City of Scranton v. Public Service Commission, 268 Pa. 192, and by our Superior Court, in Borough of Wilkinsburg v. Public Service Commission, 72 Pa. Superior Ct. 423. Counsel for plaintiff borough frankly state that the purpose of the instant appeal is "to induce a reconsideration of all the questions involved, and failing this [should we adhere to our former conclusions], then to carry the case into the Supreme Court of the United States, so that it may be heard in connection with [another] writ of error there pending," and, as we understand the situation, involving questions closely connected with those at bar.

We see no reason to depart from the rulings made and views expressed in the Scranton case.

The judgment of the Superior Court is affirmed.