## Dormont Borough, Appellant, *v.* South Pittsburgh Water Company.

Submitted April 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*A. C. Purdy,* Borough Solicitor, for appellant.

*Joseph A. Beck,* for appellee.

PER CURIAM, May 25, 1936:

In 1912 the Water Company entered into a written agreement with the Borough of Dormont providing that it would supply fire hydrants for a period of 20 years at the rate of $20 annually for each hydrant. Beginning January, 1921, the Water Company raised the charge to $50 annually in accordance with a rate schedule duly filed with the Public Service Commission. The borough paid the increased rate under protest, and brought this suit to recover the amount paid in excess of the rate prescribed by the contract. The Water Company filed a demurrer, raising questions of law; the court below sustained the demurrer. This appeal followed.

The question involved is whether rates prescribed by an agreement existing between a municipality and a water company, entered into prior to the enactment of the Public Service Company Law of 1913, are subject to change by the Public Service Commission, or whether

such change constitutes an impairment of contract within the meaning of article I, section 17, of the state Constitution, and article I, section 10, of the Federal Constitution.

The principles governing a case of this nature are too well settled to require discussion. That appellant was bound to pay the rate prescribed by the schedule filed with the Public Service Commission and not excepted to by it, notwithstanding the fact it varied from that agreed upon in the contract, is a matter which was definitely settled in *Suburban Water Co. v. Oakmont Boro.*, 268 Pa. 243; *Scranton v. Pub. Ser. Com.*, 268 Pa. 192; *Edgewood Boro. v. Pub. Ser. Com.*, 269 Pa. 342; *Springfield Consolidated Water Co. v. Phila.*, 285 Pa. 172; *American Aniline Products Co. v. Lock Haven*, 288 Pa. 420.

Judgment affirmed.